Charles E. Rodgers and Catherine Howe, Appellees, v. Metropolitan Life Insurance Company, Appellant.

1. INSURANCE—*evidence.* Refusal to permit defendant in an action on an insurance policy to show that a statement in the insured's application to the effect that she had not been examined or attended by a physician for any serious disease was untrue is not error where there is no issue or fact raised by the pleadings whether any of the representations in the application were false, the application is not a part of the policy, defendant is permitted to introduce evidence that the insured was suffering with a serious disease at the time of and prior to the issuance of the policy, and such question is properly submitted to the jury.

2. INSTRUCTIONS—*repetition.* It is not error to refuse an instruction which is fully covered by instructions given.

Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed March 18, 1913.

KIRBY, WILSON & BALDWIN, for appellant.

J. O. PRIEST, for appellees.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action by the beneficiaries on an insurance policy issued by appellant upon the life of Ella M. Rodgers, of date September 5, 1910. The insured died on July 18, 1911.

Appellant filed seven pleas, the first special plea alleging that under the conditions of the policy appellant was not liable because the insured was not in sound health at the time of the issuance of the policy, alleging that the insured was suffering with a disease known as salpingitis, the second plea is of the same character, alleging that the insured was suffering from pulmonary tuberculosis, the third special plea is the same as the second, the fourth special plea is of the same character, alleging that the insured was suffering with cancer prior to the date of the issuance of the policy, the fifth special plea is of the same character, but does not state any particular disease but that the insured was suffering with a serious disease, the sixth special plea set up the conditions of the policy and avers that the insured had been attended by a physician prior to the issuance of the policy for pulmonary tuberculosis and that by reason thereof the conditions of the policy became violated and the policy void. Issue was joined upon all of these pleas, trial had, and a finding against appellant and judgment rendered on the verdict, from which judgment appellant prosecutes this appeal.

It is conceded in the argument of appellant that all of the pleas present affirmative matter and that the burden of proving the issues presented by these pleas was upon appellant. The questions involved in this case upon the evidence are wholly questions of fact; and if these questions were properly submitted to the jury by the trial court, then this court should not disturb the finding of the jury unless it is clearly and manifestly against the weight of the evidence.

The only evidence offered by appellant in support of these pleas was that of three doctors, one of whom Dr. Ogram, had attended the insured prior to the date of the issuance of the policy; neither of the other doctors had ever examined, seen or known the insured prior to the issuance of the policy. It was sought by Dr. Ogram to show that the deceased had been suffering with salpingitis and pulmonary tuberculosis prior

Rodgers et al. v. Metropolitan Life Ins. Co., 180 Ill. App. 683.

to the date of the issuance of the. policy, but the doctor declined to so testify, he did testify that she had been suffering from salpingitis, but he did not testify that this was a dangerous disease or that she died as a result thereof. The evidence discloses that she died from a cancer of the uterus and was suffering with pulmonary tuberculosis at the time of her death, but that the cancer developed after an operation was performed for a disease known as salpingitis, but that there was no indication of cancer and none developed until long after the operation had been performed. This operation was performed some seven months after the policy was issued. Dr. Ogram declined to testify that the deceased was suffering with any serious disease prior to the date of the issuance of the policy. The only evidence tending to prove that she had tuberculosis of the lungs prior to the issuance of the policy was by one of the doctors, Dr. Hardesty, who had attended her long after the issuance of the policy, and he could not say positively that she had tuberculosis at the date the policy was issued, but that it was his judgment that she did have from the stage in which the disease was at the time he examined her. There is no pretense that there is any proof sustaining the plea that she was afflicted with cancer at the date of the issuance of the policy. Neither of the doctors would testify positively that she was afflicted with pulmonary tuberculosis or salpingitis prior to September 5, 1910; all of them admitted that these diseases might have developed between the time of the issuance of the policy on September 5, 1910 and the date of their examination in November.

Appellant insists that the trial court erred in refusing to permit it to show that the statement in the insured's application that she had not been examined or attended by a physician for any serious disease was untrue. There was no issue of fact in this case raised by the pleadings as to whether or not any of

the representations made in the application were false or fraudulent and in fact the application is not a part of the policy, but expressly provides that it shall not become and is not a part of the policy of insurance. The court did not deny appellant the right to show that the insured had been suffering with a serious disease at the time of and prior to the issuance of the policy, but permitted evidence offered on behalf of appellant for this purpose, and properly submitted the question to the jury.

We do not find any error in the rulings of the trial court upon the evidence, and we are satisfied that the verdict is fully warranted from the evidence in this record.

We find no error committed by the trial court in the giving of the instructions complained of, the instructions as a whole properly presented to the jury the issues raised by the pleadings in this case. It is insisted that the court should have given instruction No. 19, marked as refused; this instruction was fully covered by No. 11, given. The other instructions taken as a whole are not subject to the criticism made, and we find no error in the giving and refusing of instructions.

There being no reversible error in this record, the judgment is affirmed.

*Affirmed.*